UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Rocky Coleman, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Nestle USA, Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Nestle USA, Inc. ("Defendant") manufactures, labels, and sells versions of coffee creamer represented as containing "2X More" than other versions that are half their size and amount ("Product").




2. The "X" in "2X" is the universal symbol for "times" or "multiplied by."

3. According to Merrill Perlman, a journalist who studies how the public understands algebraic expressions, describing something as "two times more [than X]" means three multiplied by X.[1]

```
What's being said | What it actually means
--------------------+-----------------------
    two times more | X + 2 * X = 3X
      twice as much | 2 * X = 2X
   double the amount | 2 * X = 2X
                   |
    two times less | X - 2 * X = -X
        half as much | (1/2) * X = (1/2)X
 one half the amount | (1/2) * X = (1/2)X

where X is the original amount we have.
```

4. Perlman states that if someone has $100 and it is "doubled," they will have $200.

5. However, if a person has "two times more" than the original $100, they will have their original $100 plus $200, for a total of $300.

6. The statement of "2X More [] Than Our 15 OZ Product" is false because 30 is not "two times more" than 15.

7. The label does not state it contains "twice" or "double" the amount relative to the reference size, which would have been true.

8. To provide consumers with "2X More," the Product would need to contain 45 oz, which is 30 oz more than 15 oz.

9. Consumers seeing "2X More" will believe it represents the amount in the container plus twice that amount, for a total of three times the referenced size or amount.

---

[1] "Much" is used with uncountable nouns, such as water, while "many" is used with countable nouns, such as cats.

10. Consumers are misled to expect a greater quantity and amount than they receive.

11. Consumers will expect the Product's contents are more potent or concentrated, such that it provides the equivalent of "2X More" than the referenced size.

12. However, the contents are not more potent or concentrated than those in the referenced size.

13. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

14. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $3.59 for 30 oz, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

15. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

16. The aggregate amount in controversy exceeds $5 million, including statutory and punitive damages, exclusive of interest and costs.

17. Plaintiff Rocky Coleman is a citizen of Florida.

18. Defendant Nestle USA, Inc. is a Delaware corporation with a principal place of business in Arlington, Arlington County, Virginia.

19. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

20. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here from thousands of stores in the States

covered by Plaintiff's proposed classes.

21. The Product is available to consumers from grocery stores, dollar stores, warehouse club stores, drug stores, convenience stores, big box stores, and online.

22. Venue is in this District and assignment is to the Tampa Division because Plaintiff resides in Pasco County, which is where a substantial part of the events or omissions giving rise to the claims occurred, including his purchase, consumption, exposure to and reliance on the representations, and awareness they were misleading.

## Parties

23. Plaintiff Rocky Coleman is a citizen of New Port Richey, Florida, Pasco County.

24. Defendant Nestle USA, Inc. is a Delaware corporation with a principal place of business in Arlington, Virginia, Arlington County.

25. Plaintiff is like many consumers who seek to stretch their money as far as possible when buying groceries.

26. Plaintiff looks to bold statements of value when quickly selecting groceries.

27. Plaintiff purchased the Product at locations including Publix, 11400 Ridge Rd, New Port Richey, FL 34654, in May 2022, among other times.

28. Plaintiff believed and expected the Product's contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount.

29. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print

marketing.

30. Plaintiff bought the Product at or exceeding the above-referenced price.

31. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, features, and/or components.

32. Plaintiff paid more for the Product than he would have paid and would not have purchased it or paid less had he known the truth.

33. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance its representations are consistent with its abilities, attributes, and/or composition.

34. Plaintiff is unable to rely on the labeling and representations not only of this Product, but other similar products promoting their value with algebraic expressions, because he is unsure whether those representations are truthful.

## Class Allegations

35. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Florida Class:** All persons in the State of Florida who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Alabama, Georgia, North Carolina, South Carolina, Utah, New Mexico, Alaska, Iowa, Tennessee, and Virginia who purchased the Product during the statutes of limitations for each cause of action alleged.

36. Common questions of issue, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

37. Plaintiff's claims and basis for relief are typical to other members because all were

subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

38.   Plaintiff is an adequate representative because his interests do not conflict with other members.

39.   No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

40.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

41.   Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

42.   Plaintiff seeks class-wide injunctive relief because the practices continue.

Florida Deceptive and Unfair Trade Practices Act,
Fla. Stat. § 501.201, *et seq.*

43.   Plaintiff incorporates by reference all preceding paragraphs.

44.   Plaintiff relied on the label to believe the Product's contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

45.   The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

46.   The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

<u>Breaches of Express Warranty,</u>
<u>Implied Warranty of Merchantability/Fitness for a Particular Purpose and</u>
<u>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

47. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff the Product's contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount.

48. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

49. Defendant knew the product attributes that potential customers like Plaintiff were seeking, such as good values which would stretch their money, and developed its marketing and labeling to directly meet those needs and desires.

50. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that its contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount.

51. Defendant's representations affirmed and promised that the Product's contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount.

52. Defendant described the Product so Plaintiff believed its contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount, which became part of the basis of the bargain that it would conform to its affirmations and promises.

53. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

54. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company, known for its high-quality products, honestly marketed to consumers.

55. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

56. Plaintiff provides or will provide notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

57. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

58. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

59. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container or label, because it was marketed as if its contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount.

60. The Product was not merchantable because Defendant had reason to know the particular purpose for which it was bought by Plaintiff, because he expected its contents were equivalent to the amount in the container plus two times that amount, for a total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount, and he relied on Defendant's skill and judgment to select or furnish such a suitable product.

### Negligent Misrepresentation

61. Defendant had a duty to truthfully represent the Product, which it breached.

62. This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, a trusted company, known for its high-quality products, honestly marketed to consumers.

63. Defendant's representations and omissions regarding the Product went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first, that it has been known for.

64. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

65. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

66. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

### Fraud

67. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that its contents were equivalent to the amount in the container plus two times that amount, for a

total of three times the referenced amount and/or it was more potent and concentrated than the product sold in the referenced amount.

68. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

<u>Unjust Enrichment</u>

69. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;
2. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;
3. Awarding monetary, statutory and/or punitive damages;
4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and
5. Other and further relief as the Court deems just and proper.

Dated:   September 12, 2022

                                            Respectfully submitted,

                                            /s/Will Wright
                                            The Wright Law Office, P.A.

515 N Flagler Dr Ste P-300
West Palm Beach FL 33401
(561) 514-0904
willwright@wrightlawoffice.com

Sheehan & Associates, P.C.
Spencer Sheehan (*Pro Hac Vice* forthcoming)
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com